UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID W. SCOTT,

Plaintiff,

v. CASE No. 8:18-cv-392-T-23TGW

NANCY A. BERRYHILL, Deputy Commissioner for Operations,

Defendant.

---

REPORT AND RECOMMENDATION

The plaintiff seeks judicial review of the defendant's denial to reconsider her determination that the plaintiff was overpaid $8,370 in supplemental security income.[1] The defendant moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that there was not "a final decision of the Commissioner of Social Security made after a hearing" as required by 42 U.S.C. §405(g). Because the plaintiff has not demonstrated a basis for judicial review of the defendant's determination, I

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

recommend that the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. 10) be granted.

I.

Approximately 10 years ago, the defendant awarded the plaintiff supplemental security income on the basis of disability ("benefits") (Doc. 1, ¶¶6-9). The plaintiff's benefits were suspended when he was incarcerated (id., ¶¶10-11, 14). In July 2015, the plaintiff's benefits were reinstated (id., ¶21).

The defendant sent the plaintiff's benefits payments, at the plaintiff's request, to his attorney's post office box (Doc. 1-2, Dutkiewicz Aff., ¶¶6-7). The attorney was not, at that time, the plaintiff's legal representative for his social security claim; rather, he cashed the checks for the plaintiff (Doc. 1, ¶22).

On December 12, 2015, the plaintiff was jailed for allegedly violating his probation on a domestic violence conviction (Doc. 1, ¶25). A notice sent to the plaintiff on October 24, 2016, informed the plaintiff that, due to his incarceration, he was not entitled to benefits as of December 2015 (Doc. 10-1, Ex. 2). The notice also stated that, in the interim, the defendant

overpaid the plaintiff benefits totaling $9,300 (id.).[2] Another notice dated December 16, 2016, reduced the overpayment amount to $8,370 because one of the plaintiff's benefit checks was returned (Doc. 10-1, Ex. 3).[3]

Both of these notices stated that the plaintiff had a right to appeal the determinations within 60 days (id., Exs. 2, 3). However, the plaintiff did not receive either notice within that time period because the defendant sent the notices to the Social Security Administration district office in Dade City, where the plaintiff previously sought assistance (id.). At that time, the plaintiff was incarcerated, and defense counsel surmises that the defendant sent the notices to the district office because the plaintiff had not submitted a current address.

In May 2017, the plaintiff's violation of probation charge was dismissed (Doc. 1, ¶32). After his release from jail in July 2017, the plaintiff

---

[2] The defendant continued to send the plaintiff's benefits checks to the attorney's post office box (see Doc. 1-2, ¶11). At some point, the attorney allegedly returned several uncashed checks to the defendant, and a Social Security Administration representative told him that "the checks were ceased because of a letter from the Court informing the Social Security Office of the ... [plaintiff's] incarceration" (id., ¶¶13-14). The record does not indicate whether the plaintiff's attorney told the plaintiff this information before the plaintiff's release from jail.

[3] The record includes several other notices to the plaintiff, most of which modify the amount of the overpayment or the amount of benefits to be withheld on a monthly basis. Those notices are omitted from this statement of facts because they are not pertinent to resolution of this motion.

sought to reinstate his benefits (id., ¶¶32, 33). A Social Security Administration representative told the plaintiff about the overpayment, and that the plaintiff's benefits would be reduced until the overpayment was recouped (id., ¶¶35, 42). The plaintiff asserts that he appealed that determination (id., ¶41), but the record does not contain an appeal from July 2017.[4] To the contrary, the plaintiff agreed, in a Statement dated September 27, 2017, that the defendant overpaid him $8,370 in benefits and to repay that sum in monthly installments of $233 (Doc. 10-1, Ex. 7). The plaintiff listed on that Statement his attorney's post office box as his address (id.). Thereafter, the defendant sent notices to the plaintiff at that address (see, e.g., id., Exs. 8, 10).

On or about October 3, 2017, the defendant notified the plaintiff that the entire amount of his benefit check would be withheld until his overpayment was fully repaid (id., Ex. 8). Thereafter, the plaintiff submitted a Request for Reconsideration of the determinations that the defendant overpaid him benefits and the amount of withholding from each benefits

[4]The plaintiff alleges that he also filed an appeal in September 2017 (Doc. 1, ¶¶50, 60), but the record does not contain that alleged appeal either.

check (id., Ex. 9). He also marked on that form a box requesting a formal conference (id.).

On January 3, 2018, the Social Security Administration denied the plaintiff's Request for Reconsideration as untimely (id., Ex. 11). The notice states pertinently as follows (id.):

> We are writing to you about your request for a review of your Social Security overpayment claim. We have to deny your request because you waited for more than 60 days to ask for a review, and you did not have a good reason for the delay.
>
> ....
>
> The Social Security Regulations provide a 60 day time limit during which an individual may request reconsideration of an initial determination. Upon a showing of good cause such period may be extended. In the absence of such timely request for appeal, an initial determination of the Administration becomes final and binding on the parties to it. There are certain conditions under which an initial determination which would otherwise be considered final may be reopened and revised. Generally, an initial determination which is found to be erroneous may be reopened and revised within one year of notice of such determination for any reason. Within four years of notice of an initial determination, reopening and revision are permitted if there was an error on the face of the evidence which was in the Administration's possession at the time the decision was made, if a clerical error was made by the Administration, or if new and material evidence

> is submitted to show that the decision was erroneous. After this four year period has expired, there are very limited circumstances under which reopening and revision are possible, none of which is applicable in this case.

The plaintiff does not dispute that he received this notice in a timely manner.

The following month, the plaintiff filed suit in this court, contending that the defendant wrongly denied his Request for Reconsideration as untimely (see Doc. 1). In this regard, the plaintiff argues that he did not receive timely notice of the overpayment due to the defendant's error in sending the notices to the defendant's district office. Furthermore, he contends that his benefits should not have been suspended while he was in jail because the charge underlying his incarceration was dismissed. The plaintiff requests the court to, among other things, order the defendant to pay the plaintiff back benefits that were withheld due to his incarceration (id., p. 25).

The defendant moves to dismiss the plaintiff's complaint, arguing that there was not a final decision made by the Commissioner after a hearing, which is required pursuant to 42 U.S.C. 405(g) for a district court's jurisdiction to review an administrative decision (Doc. 10, pp. 1-2). The

defendant also denies responsibility for the plaintiff not receiving timely notice of the overpayment determinations, arguing that the plaintiff failed to notify the defendant of changes in his living address (Doc. 13, p. 5, citing 20 C.F.R. 416.708(a)). The parties, at the request of the court, filed reply memoranda (Docs. 13, 14).

Oral argument was subsequently held on the motion (Doc. 18). I advised the parties to be prepared to answer several questions at the hearing, including the jurisdictional basis for the plaintiff's claims and whether the plaintiff had recourse at the administrative level for the defendant's purported error in mailing the notices to the district office (Doc. 15).

II.

A motion to dismiss under Rule 12(b)(1), F.R.Civ.P., for lack of subject matter jurisdiction can be resolved either on the face of the complaint, or on the basis of factual submissions. Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).

Facial attacks to subject matter jurisdiction require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. Id.

Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). In that circumstance, the district court may consider extrinsic evidence and no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of the jurisdictional issue. Id.; Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-1336 (11th Cir. 2013). In this case, the defendant has asserted a factual challenge to jurisdiction. Accordingly, the exhibits attached to the parties' submissions have been considered.

III.

The defendant argues that the court lacks subject matter jurisdiction over the plaintiff's claim pursuant to §405(g) because the plaintiff did not complete the administrative appeal process and receive a "final decision of the Commissioner made after a hearing" (Doc. 10, pp. 6-7). Plaintiff's counsel confirmed at the hearing that he is seeking judicial review pursuant to §405(g). However, he argues that he exhausted his administrative remedies (see also Doc. 1, p. 2).

The plaintiff also argues vigorously the merits of his claims; however, resolution of this motion is a focused inquiry regarding whether the plaintiff exhausted his administrative remedies. As discussed below, the answer is no.

Judicial review of Social Security decisions is governed by 42 U.S.C. 405(g), (h). Section 405(g) pertinently provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days ...." Thus, under §405(g), judicial review is limited "to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977) (emphasis added). The purpose of this requirement is to "create an orderly, and not unduly vexatious, system for administrative and judicial review of the unimaginable number of decisions of claims for retirement and disability benefits filed under the Act." Giacone v. Schweiker, 656 F.2d 1238, 1241 (7th Cir. 1981).

Moreover, §405(g) is the exclusive source of federal court jurisdiction for Social Security cases. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). This is due to 42 U.S.C. 405(h), which states, inter alia, that

"[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Consequently, jurisdiction to review Social Security decisions can be based only on §405(g).[5]

The Social Security regulations set forth a multi-step administrative review process that, when finished, results in a "final decision" of the Commissioner that may be appealed in district court. 20 C.F.R. 416.1400(a)(5). The four steps are:

(1) Initial determination;
(2) Reconsideration;
(3) Hearing before an administrative law judge;
(4) Appeals Council review.

20 C.F.R. 416.1400(a)(1–4). A "final decision" is rendered by the Appeals Council when it either reviews or denies review of a decision made by an administrative law judge. 20 C.F.R. 416.1481. Only when all of the steps are completed may a claimant seek review of the Commissioner's final decision by filing an action in a federal district court. 20 C.F.R. 416.1400(a)(5).

---

[5]An exception to this general rule is that judicial review may be had where the claimant raises a colorable constitutional issue. Califano v. Sanders, supra, 430 U.S. at 109 (see infra, pp. 16-17).

In this matter, the defendant sent the plaintiff a notice on October 24, 2016, stating that he was not entitled to benefits while he was incarcerated and that the plaintiff had been overpaid $9,300; a notice on December 16, 2016, reduced the overpayment to $8,300 (Doc. 10-1, Exs. 2, 3).

On October 10, 2017, the plaintiff submitted a Request for Reconsideration, appealing the determination that the defendant overpaid him and the amount of withholding from his benefits checks (Doc. 10-1, Ex. 9). On January 3, 2018, the defendant denied the Request for Reconsideration as untimely because the plaintiff submitted the appeal almost one year after the initial determination (Doc. 10-1, Ex. 11).

After the defendant denied the plaintiff's Request for Reconsideration, the next step in the administrative appeals process was to request the law judge to have a hearing and decide whether the denial of reconsideration was proper. See 20 C.F.R. 416.1407 (if the claimant is dissatisfied with the reconsidered determination, he may request a hearing before an administrative law judge). Thus, the plaintiff, who argues that he had good cause for the delay in appealing the initial determination, should have made that argument to the administrative law judge. See id; see, e.g., 20 C.F.R. 416.1411(b)(7)(Good cause for missing the deadline to request review

includes "[y]ou did not receive notice of the initial determination or decision."). However, he did not do so, and instead filed this lawsuit.

Consequently, as the defendant argues, the plaintiff did not receive a "final decision" as that term is defined in the regulations, and his lawsuit prematurely filed in federal court must be dismissed (Doc. 10, p. 7). See, e.g., Bass v. Social Security Administration, 872 F.2d 832, 833 (9th Cir. 1989)(dismissing *pro se* complaint because the claimant filed a federal lawsuit instead of seeking reconsideration of the defendant's overpayment determination). Notably, this result is consistent with the purpose of the exhaustion doctrine. Thus, assuming arguendo that the defendant erred, the exhaustion requirement allows the defendant the "opportunity to correct its own mistakes ... before it is hailed into federal court." McCarty v. Madigan, 503 U.S. 140, 145.

The plaintiff contends, unpersuasively, that he exhausted his administrative remedies (see Doc. 11). Specifically, the plaintiff argues that the defendant's notice denying his request for reconsideration "t[old] him the decision was final, and he could do nothing more" (id., pp. 6-7). This contention is meritless.

Although a determination rendered on a claim at *each stage* of the administrative process can become final and binding if not appealed further, the claimant must continue with the administrative process until he receives a "final decision of the Commissioner of Social Security made after a hearing," which is a decision rendered by the Appeals Council that either reviews or denies review of a decision made by an administrative law judge. See 20 C.F.R. 416.1481.

The plaintiff's final administrative action preceding judicial review was a request for reconsideration. Underscoring the fact that this is not a reviewable final decision is the regulatory definition of "decision," which is limited to a "decision made by an administrative law judge or the Appeals Council." 20 C.F.R. 404.901 (emphasis added). The plaintiff ceased the administrative appeals process after receiving a "determination." See id.(defining determination as "the initial determination or the reconsidered determination").

Furthermore, the plaintiff indisputably did not seek a hearing before an administrative law judge. See 42 U.S.C. 405(g) (judicial review may follow a final decision "made after a hearing"). The plaintiff attempts to circumvent this requirement, arguing that his request for a hearing when

he sought reconsideration "qualifies as a request for a review by an administrative law judge" (Doc. 11, p. 6). This contention is frivolous. Step three of the administrative appeal process is to request a hearing before an administrative law judge. 20 C.F.R. 416.1407. The plaintiff does not cite any legal authority supporting his contention, which is contradicted by the plain language of the regulation. See id. ("If you are dissatisfied with our reconsideration determination, you may request a hearing before an administrative law judge."). In sum, there is no final decision made after a hearing to confer jurisdiction on the court pursuant to §405(g).

The plaintiff's attorney argues, alternatively, that the plaintiff was a layperson who did not understand the administrative appeals process. Specifically, the plaintiff contends that the defendant "stonewalled" him because the notice denying his request for reconsideration "t[old] him the decision was final, and he could do nothing more. There is no indication in the notice of January 3, 2018, that there are any more paths of review available to the Plaintiff" (Doc. 11, pp. 6-7). This argument is baseless.

First, the notice denying reconsideration stated that the time limit for requesting reconsideration of an initial determination may be extended upon a showing of good cause (Doc. 10-1, Ex. 11). Therefore, the plaintiff

could have requested a hearing before an administrative law judge to challenge the finding that he did not state a good reason for the delay. See 20 C.F.R. 416.1407; see, e.g., 20 C.F.R. 416.1411(b)(7) (Good cause for missing the deadline to request review includes "[y]ou did not receive notice of the initial determination or decision.").

Furthermore, the notice states clearly that "[t]here are certain conditions under which an initial determination which would otherwise be considered final may be reopened and revised" within "one year of notice of such determination for any reason" (Doc. 10-1, Ex. 11). Thus, a request to reopen the matter was another option for the plaintiff at the administrative level.

Moreover, the plaintiff had counsel at that point, and the plaintiff's attorney advised the plaintiff to file this lawsuit. An experienced social security attorney knows to continue to the next step in the administrative appeal process. Plaintiff's counsel's lack of familiarity with this area of the law does not excuse the plaintiff's failure to exhaust administrative remedies. See United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 563 (1971) ("The principle that ignorance of the law is no defense applies whether the law be a statute or a duly promulgated and

published regulation."); see also Cartagena v. Colvin, No. 8:15-cv-679-T-TGW; 2016 WL 7666178 (M.D. Fla.).

Additionally, the plaintiff seemingly argues that the merits of his claims are relevant to the resolution of this motion (see Doc. 14, p. 2)("[d]efendant's learned arguments...gloss over a simple fact, and that fact is that the Plaintiff did not receive proper notice"). However, regardless of the merits of the plaintiff's claims, he must still exhaust his administrative remedies before seeking judicial review. See Califano v. Sanders, supra, 430 U.S. 99. Notably, the defendant is in the best position to apply its own regulations. See Bowen v. City of New York, 476 U.S. 467, 484–85 (1986); Weinberger v. Salfi, 422 U.S. 749, 765 ("Exhaustion is generally required as a matter of preventing premature interference with agency processes" and "to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."). In sum, the plaintiff unquestionably did not exhaust his administrative remedies.

Finally, although at the hearing the plaintiff relied upon §405(g) for subject matter jurisdiction, he also asserts in his complaint a denial of due process (see Doc. 1, p. 16; see also Doc. 11, pp. 7-8). Judicial review of a social security claim is permissible when a plaintiff raises a colorable

constitutional issue. Califano v. Sanders, supra, 430 U.S. at 109. The plaintiff's due process claim, however, is not cognizable for several reasons. Most obviously, the plaintiff cannot plausibly argue that he was not afforded due process when he attempted to bypass the administrative appeals process.

The plaintiff's complaint also includes a count for bad faith (count two) and underpayment (count three). Both of these claims are related to the plaintiff's contention that the defendant wrongly suspended his benefits when he was incarcerated (Doc. 1, pp. 20, 24). Therefore, neither count stands on its own, and the plaintiff's complaint should be dismissed in its entirety. Moreover, jurisdiction of any claim for bad faith or underpayment would be foreclosed by 42 U.S.C. 405(h). Notably, the Order setting this case for hearing expressly set out specific questions to be addressed at the hearing, one of which was the jurisdictional basis for those two counts (Doc. 15, p. 2). At the hearing, the plaintiff was not able to articulate a cognizable jurisdictional basis for those counts.

On the other hand, the plaintiff's opportunity for administrative consideration is not necessarily foreclosed at this point. As the notice denying the plaintiff's request for reconsideration pertinently states (Doc. 10-1, Ex. 11):

> Within four years of notice of an initial determination, reopening and revision are permitted if there was an error on the face of the evidence which was in the Administration's possession at the time the decision was made, if a clerical error was made by the Administration, or if new and material evidence is submitted to show that the decision was erroneous.

V.

For the foregoing reasons, I recommend that the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. 10) be granted, and the complaint dismissed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 27, 2018

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.